**Roger McGRATH,
Petitioner/Respondent,**

v.

**Donnie BOWEN, Respondent/Appellant.**

**No. ED 86613.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 23, 2006.

**516**

Roger McGrath, St. Louis, MO, respondent acting pro se.

Matthew A. Radefeld, Todd A. Wakeland, Frank & Juengel Attorneys at Law, P.C., Clayton, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Petitioner filed an Adult Abuse/Stalking Petition for Order of Protection against respondent, based primarily on allegations that respondent had harassed and stalked petitioner's minor son. At trial, petitioner testified that he was seeking a full order of protection to protect his minor son. Petitioner produced no evidence that respondent had harassed or stalked petitioner.

The trial court entered a judgment granting a full order of protection to petitioner under the Adult Abuse Act. We reverse for the reason that petitioner adduced no evidence that he was a victim of stalking entitled to an order of protection against respondent under the Adult Abuse Act, sections 455.010 through 455.085 RSMo (Cum.Supp.2004).[1]

In his petition for an order of protection under the Adult Abuse Act, petitioner, Roger McGrath, alleged that respondent, Donnie Bowen, had stalked him, harassed him, followed him from place to place, placed or attempted to place him in apprehension of immediate physical harm, and threatened him. Petitioner provided the dates and descriptions of each event in his attachment to the petition. All of the described incidents involved allegations of respondent's conduct directed at petitioner's minor son. The only allegation of conduct directed at petitioner was the claim that in the September 4, 2004 incident, respondent directed foul and vulgar language toward petitioner.

At trial, petitioner, appearing *pro se,* testified that his thirteen-year-old son had been "harassed and intimidated and stalked" by respondent, and that he was concerned about the escalation of the harassment, intimidation and stalking. Petitioner testified to one incident in which respondent used vulgar language toward his son on June 19, 2005, and a second incident in which respondent "rode by" his son and said something on June 15, 2005. On cross-examination, counsel for respondent asked, "So this order of protection is for yourself or—." Petitioner responded, "This is to protect my son from [respondent]." On cross-examination, petitioner

---

**1.** All further references to the Revised Statutes of Missouri will be to the 2004 Cumulative Supplement.

also testified that respondent had videotaped his son while his son was playing outside. Petitioner adduced no evidence of any conduct directed at him. The transcript further revealed that respondent was petitioner's neighbor, and not a family or household member.

After the testimony was concluded, the trial court announced that it would grant petitioner's request for a full order of protection. The court explained that petitioner was "entitled to an order to protect himself from the emotional distress caused by the harassment—repeated harassment of your client on the child. That is distressing to the parent."

The court then entered a written Full Order of Protection against respondent. The order prevented respondent from taking a number of listed actions with respect to petitioner.

## DISCUSSION

■ In his sole point on appeal, respondent contends that the trial court erroneously construed and applied the Adult Abuse Act when it entered a full order of protection because the court based the order on evidence that respondent was stalking petitioner's minor child and not petitioner. Respondent argues that there was no evidence that brought his conduct within the Adult Abuse Act.

■ In a court-tried case, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976); *Overstreet v. Kixmiller*, 120 S.W.3d 257, 258 (Mo.App.2003). Because there is real harm that can result in abusing the Adult Abuse Act and its provisions, including the stigma that may attach to a respondent who is ultimately labeled a "stalker," trial courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection. *Overstreet*, 120 S.W.3d at 259.

The trial court entered an order of protection pursuant to section 455.020. That section provides that any *adult* who has been the victim of stalking may file a petition for protection alleging such stalking. Section 455.020.1. "Adult," as used in the statute, is defined as any person eighteen years of age or older or otherwise emancipated. Section 455.010(2). Thus, a petitioner must be both an adult and a victim. The statute defines stalking as follows:

> **"Stalking"** is when an adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct.

Section 455.010(10). " 'Alarm' means to cause fear of danger of physical harm." Section 455.010(10)(c). A petitioner must prove the allegation of stalking by a preponderance of the evidence in order to obtain a full order of protection. Section 455.040.1.

There was no evidence at trial that respondent purposefully or repeatedly engaged in an unwanted course of conduct that caused petitioner to be in fear of danger of physical harm. The court erred in issuing an order of protection under the Adult Abuse Act to petitioner. Point one is granted.

The judgment of the trial court is re-

versed.[2]

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.

---

2. Petitioner has attempted to brief two claims of error in his brief as respondent on appeal. However, petitioner has not filed a notice of appeal. A respondent who has not filed a notice of appeal in order to cross-appeal cannot allege errors on appeal unless he or she is seeking to support the trial court's ruling by pointing to other rulings that appear to be erroneous. *Omaha Indem. Co. v. Pall, Inc.*, 817 S.W.2d 491, 499 (Mo.App.1991); Intern. *Harvester Co. v. Mahacek*, 705 S.W.2d 603, 605 (Mo.App.1986). Here, petitioner is complaining of other rulings against him in other cases and complaining about respondent's actions, rather than the trial court's action. He has not only failed to invoke the jurisdiction of this court because he did not file a notice of appeal, but also these complaints would not be cognizable claims of error in this appeal even if he had filed a notice of appeal.