**Jill CLARK, Petitioner/Respondent,**

v.

**Ronald WUEBBELING,**
Respondent/Appellant.

**No. ED 88413.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 20, 2007.

---

1. The movant's motion to file supplemental record on appeal is granted.

Leonard J. Frankel, S. Jeremiah Hong, St. Louis, MO, for appellant.

Deborah C.M. Henry, St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Ronald Wuebbeling ("Husband") appeals the trial court's judgment granting a full order of protection brought pursuant to the Adult Abuse Act, Sections 455.005 through 455.090 RSMo Cum.Supp.2004 [1] by Jill Clark ("Wife"). We reverse.

## I. BACKGROUND

The parties were formerly husband and wife. Two children were born of the marriage. During the pendency of the dissolution, Wife sought an ex parte order of protection against Husband.[2] Following a trial, the court dissolved the marriage, granting shared custody of the children to Husband and Wife and dismissed Wife's petition for an order of protection.

A month later, Wife filed another petition seeking an order of protection against Husband contending that he called her demanding the children call at certain times and sent e-mails directing who she could have in her house.[3] Husband moved to dismiss the petition asserting that the dissolution court settled the issue in its decree. The trial court denied this motion but ruled that in determining whether to grant a full order of protection, the trial

---

1. All further statutory references are to RSMo Cum.Supp.2004 unless otherwise indicated.

2. This ex parte order remained in place throughout the dissolution proceeding but was never formally heard.

3. Wife also made allegations concerning Husband's past behavior for which she previously sought an order of protection. Because the trial court excluded this behavior from its review, we omit Wife's specific allegations.

court would only consider events occurring after the entry of the dissolution decree.

At a hearing, Husband and Wife testified regarding the allegations in Wife's petition. We note that the discord between the parties centers on their children and the custody arrangements. As the sufficiency of the evidence is in dispute, this testimony will be discussed in detail below.

The trial court entered a full order of protection against Husband upon a finding of stalking. Husband appeals.

## II. DISCUSSION

 Review of a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility and consider facts and inferences supporting the judgment. *Vinson v. Adams*, 192 S.W.3d 492, 494 (Mo.App. E.D.2006). Courts must take great care to ensure the existence of sufficient evidence to support all elements of the Adult Abuse Act before entering a full order of protection. *McGrath v. Bowen*, 192 S.W.3d 515, 517 (Mo.App. E.D. 2006).

In his first point, Husband challenges the sufficiency of the evidence to support the trial court's issuing an order of protection based on stalking. Specifically, Husband contends Wife failed to prove necessary elements of stalking, that Husband engaged in a course of conduct that caused alarm to Wife and that such alarm was reasonable based on her situation. We agree.

 Any adult who has been a victim of stalking may request relief by filing a verified petition under the Adult Abuse Act. Section 455.020.1 RSMo 2000. The term

stalking is defined as "when an adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(10). Course of conduct is a "pattern of conduct composed of repeated acts over a period of time, however short that serves no legitimate purpose." Section 455.010(10)(a). An activity with a legitimate purpose is one that is "lawful, or is allowed." *Vinson v. Adams*, 188 S.W.3d 461, 464 (Mo.App. E.D.2006) (quoting *Overstreet v. Kixmiller*, 120 S.W.3d 257, 258 (Mo.App. E.D.2003)). Two or more acts "evidencing a continuity of purpose" qualify as repeated conduct. Section 455.010(10)(b). In addition, alarm is defined as causing "fear of danger of physical harm." Section 455.010(10)(c). Moreover, plaintiff must prove an allegation of stalking by a preponderance of the evidence to receive a full order of protection. Section 455.040.1 RSMo Cum.Supp.2001.

 Viewed in the light most favorable to the trial court's judgment, the evidence presented through Husband's and Wife's testimony is as follows. The evidence showed that while discussing when Husband would drop off the children, on Sunday night at Wife's home or Monday morning at school, Husband indicated that he would make Wife miserable, taking her to court. Husband also inquired over the phone whether Wife's boyfriend was at her house and on another occasion acted "belligerent" toward Wife at a baseball game. Moreover, Wife alleged that Husband had convinced a friend to spy on Wife and that a neighbor had seen Husband driving in Wife's neighborhood. However, Wife admitted that Husband never directly threatened her with physical harm nor physically assaulted her.

While Wife testified at trial that Husband's conduct caused her fear of danger

of physical harm, such fear was unreasonable. There was no evidence to support Wife's claim of fear of physical harm. The evidence demonstrates that Husband's contact with Wife was limited to passing words at children's events or phone or e-mail communication regarding the children. Communication by one parent to another regarding the care of a child is sanctioned, and even encouraged, by law and is accordingly an activity with a legitimate purpose. *See Hollins v. Hollins* 13 S.W.3d 669, 672 (Mo.App.E.D.2000) (noting that an inability to communicate or cooperate regarding a child's welfare can render joint custody improper).

Further, while Wife contends that Husband spoke to her in a threatening tone, the only threat before the trial court was that Husband would make Wife miserable if she did not agree to a different drop-off schedule for their children, that he would take her to court. Litigation is not the type of behavior the Adult Abuse Act seeks to prevent.[4] Wife failed to allege, much less prove the existence of any threats of bodily harm, physical altercations or other events after the dissolution that would make it reasonable for Husband's conduct to cause Wife fear of danger of physical harm. Therefore, there was no substantial evidence to support the trial court's judgment granting a full order of protection based on stalking. Point granted.

### III. CONCLUSION

The judgment is reversed.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., concur.

---

4. We note that both parties are attorneys.