STATE of Missouri, Respondent,

v.

James HARRIS, Appellant.

No. ED 96045.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 2012.

Application for Transfer Denied
March 6, 2012.

---

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

This case involves the admissibility of text messages.

### Background and Procedural History

James Harris (Appellant) was convicted by a jury of one count of statutory sodomy and two counts of attempted statutory sodomy based on his actions against the minor daughter (Victim) of a woman with whom he formerly lived. He was sentenced to three concurrent terms of sixteen years.

At trial, Appellant attempted to admit the text of messages allegedly sent by Victim to a witness as memorialized in that witness' mobile phone. The State objected and the trial court sustained the objection, ruling that Appellant had not laid a sufficient foundation for the admission of the messages as contained in the phone. However, the witness was allowed to read the text messages from her phone during her testimony. Additionally, the witness's mobile phone was admitted into evidence, although the jury was not allowed to look at the messages on that phone.

Appellant now appeals the trial court's denial of admission of the text messages as contained in the phone.

### Standard of Review

This Court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. *State v. McKinney,* 336 S.W.3d 499, 502 (Mo.App. E.D.2011) (internal citations omitted). The trial court abuses its discretion if its ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. *Id.* "Additionally, on direct appeal, this Court reviews the trial court for prejudice, not mere error,

and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *Id.* An error is prejudicial only if there is a reasonable probability that but for the court's error the outcome of the trial would have been different. *Id.*

### Discussion

As an initial matter, the State claims that Appellant failed to preserve this issue for review because he did not make an offer of proof regarding the evidence at trial. An offer of proof is required to preserve a matter for appellate review. *State v. Comte,* 141 S.W.3d 89, 93 (Mo.App. S.D.2004). "The purpose of an offer of proof is to insure the trial court and opposing counsel understand the proposed evidence. In addition, an offer of proof enables appellate courts to understand claims of error." *Russell v. Director of Revenue,* 35 S.W.3d 507, 509–10 (Mo.App. E.D.2001) (internal citations omitted). "The offer must be definite, specific, and demonstrate why the evidence is relevant and admissible." *Comte,* 141 S.W.3d at 93.

At the time of the objection, there was a lengthy exchange between the court, Appellant's counsel, and the State, during which the three parties discussed the admissibility of the text messages on the phone. At one point, Appellant's attorney began to make what appears to be an offer of proof but was cut short by the judge:

> Appellant's Attorney: Judge, if I may, I think that under the doctrine—I'm going to butcher the pronunciation—resgestae—
>
> The Court: I'll just cut that short. I'm familiar with that and I do not believe it falls within that exception.

We will not penalize Appellant now for the trial court's unwillingness to hear his offer of proof. Additionally, the nearly ten page exchange regarding the admissibility of

this evidence in the trial transcript demonstrates that all parties understood the nature of the proposed evidence and Appellant's argument as to its admissibility. The claim of error was sufficiently preserved to allow this Court to understand and review it.

▇ In his sole point on appeal, Appellant claims that the trial court erred in refusing to admit into evidence the content of certain text messages allegedly sent by Victim as contained in phone by which they were received. At trial, the owner of the mobile phone to which the text messages were sent, Victim's babysitter, was allowed to read the messages aloud to the jury. However, the court refused to admit the text messages as contained in the phone, ruling that Appellant had failed to lay sufficient foundation for their admission. Specifically, the court found that Appellant had provided no evidence that Victim actually authored the messages.

Appellant argues that under *State v. Smith,* the phone owner's testimony identifying the mobile phone as the phone on which the messages were received was sufficient foundation for admissibility. *State v. Smith,* 330 S.W.3d 548, 558 (Mo. App. S.D.2010). We find *Smith* to have been poorly reasoned and wrongly decided and this Court will not follow the lax requirements for foundation developed in that case.

*Smith* was also a statutory rape case. *Id.* at 551. The defendant in *Smith* sent lewd text messages to a minor and arranged a meeting with the minor through text messaging. *Id.* at 552. At trial, the defendant objected to the introduction of those messages, both on relevancy and foundational grounds. *Id.* at 553 & 557. The Court analogized the content of the text messages on the phone to the instrument of crime, like a gun. *Id.* at 558. The Court then applied the rules for admission

of an instrument of a crime—"Admission in evidence of an instrument, such as the one with which the crime was committed, is warranted when a prima facie showing of identity and connection with the crime is made ..." *Id.* at 558. The Court held that testimony that the phone containing the messages was the actual phone on which the messages were received was sufficient to allow admission of the content of those messages. *Id.*

▇ As opposed to the instrument of a crime, the content of text messages on a phone is more properly analogous to a personal letter and those rules of admissibility should be applied. The authenticity of a document cannot be assumed. *Robin Farms, Inc. v. Bartholome,* 989 S.W.2d 238, 252 (Mo.App. W.D.1999). The proponent of the document must offer proof that it is what it purports to be. *Id.* "The law is well settled that the mere fact that a letter purports to have been written and signed by one in authority to do so is, in itself, insufficient to establish the authenticity and genuineness of the letter." *Id.*

▇ Applying these rules to text messages, the proponent of such evidence must present some proof that the message[s] were actually authored by the person who allegedly sent them. This should not be an unduly burdensome requirement and can be satisfied by circumstantial evidence. Proof could be in the form of admission by the author that he actually sent them, or simply an admission by the author that the number from which the message was received is his number and that he has control of that phone. Such proof could even be established by the person receiving the message testifying that he regularly receives text messages from the author from this number, or something distinctive about the text message indicating the author wrote it, such as a personalized signature. Once the evi-

dence is admitted, it is still the province of the jury to determine its weight.

Appellant never questioned Victim as to whether she had sent text messages to the phone owner witness. Appellant attempted to lay the foundation for the messages solely through the testimony of phone owner. At no point during this testimony did the phone owner identify anything that tended to establish that the messages were sent by Victim. The phone owner testified that one of the messages included an email address but did not indicate whether that was a signature to the message or whether that address belonged to Victim. In fact, the phone owner specifically admitted that Victim never "said" her name in any of the texts. Although theoretically Appellant could have laid the foundation for the admission of these messages through the testimony of the phone owner alone, there is simply not enough in this record to show that Victim sent the messages. The trial court did not err in refusing to admit them. In fact, the trial court may have erred in allowing Ms. Jones to testify as to the content of the text messages, but as neither party brought that issue before this Court, we need not address it. *State v. Gooch*, 831 S.W.2d 277, 277 (Mo.App. S.D.1992).

Finally, even if the trial court had erred in refusing to admit this evidence, which it did not, such error would not require reversal as it did not prejudice Appellant. "Error in the exclusion of evidence is harmless if the same facts have been shown by other evidence and exhibits." *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 550 (Mo.App. W.D.2008) (internal citations omitted). Appellant does not identify anything in the content of the messages on the phone that the phone owner was not allowed to testify about at trial. He argues only that the jury should have been allowed to see the messages to confirm their content and existence. Without the identification of facts in the text messages that the witness was not allowed to testify to, any error on the part of the trial court by failing to admit the content of the phone was harmless.

### Conclusion

We affirm the trial court's denial of admission of the content of the cell phone. Appellant failed to lay sufficient foundation for the admission of such evidence.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.