## ORDER

v.

**Brian GELBER and Gelber, Gelber & Gelber, P.C., Defendant/Respondent.**

**No. ED 99580.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 22, 2013.

Before MARY K. HOFF, P.J., KURT S. ODENWALD, J., and ANGELA T. QUIGLESS, J.

### ORDER

■

**D.A.T., Respondent,**

v.

**M.A.T., Appellant.**

**No. ED 99352.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 2013.

Melissa A. Featherston, Erin M. Zielinsko(Co–Counsel), St. Louis, MO, for appellant.

Damon A. Tatum, Cordova, TN, pro se.

## I. INTRODUCTION

Appellant M.A.T. ("Wife") appeals the judgment of the Circuit Court of St. Charles County entering a full order of

protection brought pursuant to the Adult Abuse Act, sections 455.010 through 455.085,[1] by Respondent D.A.T. ("Husband"). In her two points on appeal, Wife contends the trial court erred in 1) granting Husband a full order of protection against her as the judgment is not supported by substantial evidence, and 2) denying her request for a continuance. Because we conclude that the trial court erred in entering a full order of protection against Wife, we reverse that portion of its judgment. In all other respects we affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The parties are former spouses and have three children in common. Husband resides in Missouri and Wife resides in Tennessee. A custody order from Tennessee granted Wife six hours of visitation weekly in St. Louis on Sunday. Wife would travel from Tennessee to St. Louis to exercise her court-ordered visitation. On September 10, 2012, Husband filed an Adult Abuse/Stalking Petition in the Circuit Court of St. Charles County seeking an order of protection against Wife, alleging she stalked and harassed him at their children's football games. Wife was served with the petition on October 11, 2012.

On November 7, 2012, the trial court held a hearing on Husband's petition. Wife requested a continuance because her attorney was unavailable for the hearing, which the court denied. After hearing the evidence, the trial court granted Husband's request for a full order of protection against Wife effective until November 7, 2013. Wife appeals. As the sufficiency of the evidence is in dispute, the testimony

at the hearing will be discussed below in detail.

## III. LEGAL STANDARD

Review of a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility and consider facts and inferences supporting the judgment. *Vinson v. Adams,* 192 S.W.3d 492, 494 (Mo.App.E.D.2006). "Courts must take great care to ensure the existence of sufficient evidence to support all elements of the Adult Abuse Act before entering a full order of protection." *Clark v. Wuebbeling,* 217 S.W.3d 352, 354 (Mo.App.E.D. 2007) (citing *McGrath v. Bowen,* 192 S.W.3d 515, 517 (Mo.App.E.D.2006)).

## IV. DISCUSSION

In her first point, Wife challenges the sufficiency of the evidence to support the trial court's issuance of an order of protection based on stalking. Specifically, Wife contends Husband failed to prove that Wife engaged in a course of conduct that served no legitimate purpose and caused alarm to Husband. We agree.

Any person who has been a victim of stalking may request relief by filing a verified petition under the Adult Abuse Act. Section 455.020.1. "Stalking" occurs "when any person purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(13). "Course of

---

1. All statutory references are to the Revised Statutes of Missouri (RSMo) 2000, updated through the 2012 Cumulative Supplement.

conduct" is a "pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose." Section 455.010(13)(b). "Such conduct may include, but is not limited to, following the other person or unwanted communication or unwanted contact." *Id.* "An activity with a legitimate purpose is one that is lawful, or is allowed." *Clark*, 217 S.W.3d at 354 (internal quotations omitted). "Alarm" is defined as causing "fear of danger of physical harm." Section 455.010(13)(a). Husband must prove an allegation of stalking by a preponderance of the evidence to receive a full order of protection. Section 455.040.1.

Husband contends he is entitled to a full order of protection based on Wife's conduct surrounding their children's football games. Viewed in a light most favorable to the trial court's judgment, *Clark*, 217 S.W.3d at 354, the evidence presented through testimony is as follows.

On Saturday, September 8, 2012, Wife traveled from Tennessee and attended her middle son's football game with her parents. During the game, Husband called the police to have Wife removed from the game. The police informed him that they could not force his girlfriend[2] or Wife to leave the game and instructed both Husband and Wife to keep their distance from one another. After the game, Wife approached her son to speak to him, but Husband hustled him away to get the youngest son to his football game. Wife and her parents followed Husband and Wife's mother made "disparaging comments" to him as they walked. Husband claimed he was "concerned" and described Wife as "bold enough to be determined that she was going to inflict or to enact her

will and do what she wanted to do and force [Husband] to deal with her." That same day, Wife also attended her youngest son's game. Husband admitted that there was no "following situation" at this game. Husband testified that he didn't "feel safe" where he lived in St. Charles after these events.

On Sunday, September 9, 2012, Wife arrived at Husband's home to pick up the children for their court-ordered visitation, but they were not there. She contacted Husband by cell phone, and he refused to transfer the children to her. The police informed Husband he was in direct violation of a court order.[3] Husband's girlfriend testified that Wife drove past their house and parked at a frozen custard place nearby. There was no further contact between Wife and Husband or the children that day.

Wife traveled to St. Louis on Sunday, September 23, 2012, and Husband again declined to allow Wife to exercise her court-ordered visitation with the children. Wife attended her youngest son's game and approached Husband and her children as they returned to the car. Wife tapped on the window to interact with her children. Husband states that Wife pulled behind his vehicle for a period of time, blocking it. However, Husband also testified that he left the parking lot and then returned to get Wife's license plate number.

We find that the conduct described is insufficient to constitute substantial evidence of a "course of conduct that causes alarm to another person." Alarm requires a "fear of danger of physical harm." Section 455.010(13)(a). Husband has proffered no evidence of threats,

---

2. Wife had an ex-parte order from Tennessee in place against Husband's girlfriend who was also at the game.

3. At the time of the hearing, Wife's motion for civil and criminal contempt against Husband was pending in a Tennessee state court.

physical altercations or other events that would suggest Wife's actions caused him to fear physical harm. *See Schwalm v. Schwalm*, 217 S.W.3d 335, 337 (Mo.App. E.D.2007).

We find this Court's analysis in *Clark v. Wuebbeling*, 217 S.W.3d 352 (Mo.App. E.D.2007), instructive. In *Clark*, this Court found insufficient evidence that the husband's conduct reasonably caused the wife *fear of danger of physical harm* as wife merely alleged the husband drove in her neighborhood, convinced a friend to spy on her, acted belligerent towards her at a baseball game, and threatened to make her miserable and take her to court. *Id.* at 354–55. Likewise, here, Wife's conduct consists of attending her children's football games, following Husband to his vehicle, tapping on the window of his car to get her children's attention, temporarily parking behind his vehicle, driving by Husband's residence after being denied visitation, and then parking at a local business close to his home. This course of conduct is insufficient to establish a fear of physical harm to Husband.

In support of his petition, Husband testified that he did not "feel safe" and that he was "concerned" Wife was "going to inflict ... her will and do what she wanted to do." In *Schwalm v. Schwalm*, this Court concluded that plaintiff must do more than assert a bare answer indicating he was alarmed by conduct of defendant and further noted that plaintiff failed to specifically testify that he was afraid of physical harm. 217 S.W.3d at 337. Similarly, here, Husband did not specifically state that he was afraid of *physical harm.* Although the trial court stated that it

found Husband to be credible, his statements are insufficient to establish alarm.

Additionally, to prove his allegation of stalking, Husband was required under the statute to show that Wife engaged in a "pattern of conduct ... that serves no legitimate purpose." Section 455.010(13)(b). Here, Wife's attempts to exercise her visitation rights and attend her sons' games were lawful and therefore had a legitimate purpose. Although Husband suggests Wife's presence at the football games was "not allowed," police informed Husband that Wife could attend and we note there is no court order to the contrary. After traveling from Tennessee and being denied visitation, Wife drove past Husband's home (the pick-up location), parked nearby, and tapped on the window of Husband's car to interact with her kids after a game. Husband has not established that these acts were unlawful or "not allowed." We do not find that Husband has met his burden to show Wife's proximity to his home or presence at the games served "no legitimate purpose."

In light of the above, we do not find substantial evidence to support the trial court's judgment granting a full order of protection based on stalking.[4] Point I is granted.

■ In her second point, Wife argues that the trial court erred in denying her request for a continuance. Specifically, Wife contends the trial court abused its discretion because she had good cause for her request and "was free of any dereliction." We disagree.

---

4. Husband's petition also alleges harassment by Wife. However, Husband does not argue the order of protection should be affirmed on this basis in his Respondent's brief. Nor do we find substantial evidence in the record

that Husband suffered "substantial emotional distress," a required element of harassment under the statute. *See* section 455.010(1)(d). As such, we will consider this allegation no further.

Missouri Supreme Court Rule 65.01 authorizes the trial court to continue cases set for trial at its discretion and on a showing of "good cause" by a litigant. "[T]remendous discretion is vested in the trial court and reversible error based upon the denial of the continuance is exceptional." *Chapman v. St. Louis County Bank,* 649 S.W.2d 920, 924 (Mo.App.E.D.1983) (citation omitted). "[E]very intendment is in favor of the trial court's decision." *Id.* at 922 (citation omitted). "Only in extreme cases where it clearly appears that the moving party . . . is free of any dereliction will this court disturb the trial court's decision." *Id.* at 924.

Wife was served notice of the Adult Abuse hearing on October 11, 2012. At the hearing held on November 7, 2012, Wife requested a continuance because her attorney could not be present. The court denied her request, stating: "[I]n weighing and balancing the issues in this case and the dispute between the parties as to the children, the [c]ourt has decided to move forward today to determine if a full order of protection should be entered . . . to put some structure to this situation." The court later added that "it was in the best interest, not only of the parties, but particularly the children, to go forward today."

Wife argues she was free of dereliction, but we note that she offers no explanation as to why she could not have moved for a continuance prior to the hearing. Although Wife claims her attorney's absence constitutes good cause, it was up to the trial court to determine whether her reason was sufficient to continue the case. "A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere . . . does not compel a continuance." *Inloes v. Inloes,* 567 S.W.2d 732, 735 (Mo.App.1978). Here, the court balanced the interests of the parties and children and stated its basis for denying Wife's request. Under the circumstances of this case, we do not find the trial court abused its discretion. Point II is denied.

## V. CONCLUSION

Because the trial court erred in entering a full order of protection against Wife, that portion of the trial court's judgment is reversed. Accordingly, the cause is remanded with directions to enter judgment in accordance with this opinion. In all other respects, the judgment is affirmed.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., Concur.