

# Missouri Court of Appeals

## Southern District

### Division One

MICHAEL D. BURNS, )
)
             Appellant, )
)
  vs. ) No. SD32775
)
STATE OF MISSOURI, ) FILED: April 7, 2014
)
             Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

## AFFIRMED

Armed with a previously-secreted pump shotgun, Michael Burns stepped out of hiding and killed Robert Leiker – his rival for the affections of Angela Gentry – as Leiker left Ms. Gentry's home. Shot from behind, through the aorta, Leiker was dead within minutes or less. Burns fled, later pleaded self-defense, but was convicted of murder and armed criminal action, which this court affirmed.[1]

Alleging ineffective assistance of counsel, Burns sought post-conviction relief

---

[1] ***State v. Burns***, 292 S.W.3d 501 (Mo.App. 2009), which relates the facts and criminal case in more detail than is needed for purposes of this opinion.

which the motion court (same judge as at the criminal trial) denied after an evidentiary hearing.

"Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous.  Those findings are presumptively correct; we defer to that court's credibility decisions; and we will reverse only if our review of the whole record firmly and definitely convinces us that a mistake was made." **Mayes v. State**, 349 S.W.3d 413, 416 (Mo.App. 2011) (citation omitted).

## Point I – Failure to Call Witness

Burns' PCR motion charged that defense counsel should have called Douglas Bedford as a witness because he would have testified that:

1. Burns and Leiker were having difficulties over Ms. Gentry;

2. Leiker once had texted Bedford that he was going to kill Burns; and

3. Sometime after Leiker died, Ms. Gentry told Bedford that Leiker shot first at Burns, who then protected himself.

Had Bedford so testified, according to Burns' motion, jurors would have had a better understanding of the parties' relationships and "would have been aware of threats from Robert Leiker against [Burns'] life and heard evidence that it was Leiker, not [Burns] who initiated the shootings."[2]

The motion court found that Burns failed in his burden to show how Bedford's testimony would have provided a viable defense.  *See* **Worthington v. State**, 166 S.W.3d 566, 577 (Mo. banc 2005).  This finding was not error, clear or otherwise.

---

[2] Because allegations or issues not raised in the PCR motion are waived on appeal, **State v. Clay**, 975 S.W.2d 121, 141 (Mo. banc 1998), we do not reach arguments that defense counsel did not properly investigate Bedford's potential testimony.

That Burns and Leiker were at odds over Ms. Gentry was otherwise established and never in dispute. Bedford's other testimony was hearsay. As to who shot first, Bedford knew only what Ms. Gentry told him. The alleged text message, foundation issues aside,[3] was hearsay as well. Burns does not claim otherwise. Point I fails.

## Point II – Second Shotgun

Burns' motion also complained, seemingly in the alternative, that defense counsel should have:

1. Objected to admission of a second, single-shot shotgun (not the murder weapon); and

2. Asserted "curative admissibility" in offering Bryan Daniel's testimony.

*Background*

Officers found the second gun in Ms. Gentry's trailer. She told a detective that she got the gun from Bryan Daniel.

The gun was admitted without objection during the State's case. After the State rested, the defense sought to have Daniel testify that Ms. Gentry had his gun for protection from Leiker. When the State objected, defense counsel argued that

---

[3] *See **State v. Harris***, 358 S.W.3d 172, 175 (Mo.App. 2011), which indicates that an offeror of text message evidence "must present some proof that the message[s] were actually authored by the person who allegedly sent them." On that issue, **Harris** errs only in its reading of this court's opinion in ***State v. Smith***, 330 S.W.3d 548 (Mo.App. 2010). Although **Harris** implies otherwise, there was no "authorship" issue in **Smith** or need to prove (quoting **Harris**) "that the message[s] were actually authored by the person who allegedly sent them." Indeed, the defendant had sent "a letter of apology in which he stated that he knew the girl was 'fourteen years of age' and that he was 'truly sorry for everything that happened between me sending texts to the girl.'" **Smith**, 330 S.W.3d at 553.

3

the State put the gun into evidence, but that Daniel would say that it was "for protection particularly from Robert Leiker, not from Michael Burns."

The trial court ruled that Daniel could say that Ms. Gentry had the gun for her protection, but to go beyond that was hearsay. In an offer of proof, Daniel testified that he had known Ms. Gentry for years, the gun was his, he let Ms. Gentry borrow it for protection from Leiker, and that Leiker had sent Daniel threatening phone messages. The court did not change its ruling. The defense did not call Daniel as a witness.

*Analysis*

The motion court did not fault defense counsel's strategy in wanting the gun admitted,[4] which effectively forecloses Burns' first complaint because "a reasonable choice of trial strategy cannot serve as a basis for a claim of ineffective assistance." ***Johnson v. State***, 406 S.W.3d 892, 900 (Mo. banc 2013).

As for curative admissibility, it lies only against *inadmissible* evidence. ***State v. Hill***, 250 S.W.3d 855, 858 (Mo.App. 2008); ***State v. Mozee***, 112 S.W.3d 102, 109 (Mo.App. 2003). The trial judge (later the motion judge) deemed the gun relevant, on the trial record, as to deliberation.

Finally, as to both complaints, we agree with the motion court: Burns "has not established any prejudice from the admission of this [gun] nor has he established

---

[4] Counsel testified that it was "trial strategy to allow that exhibit into evidence" and "my thinking was, is that the State would then be opening the door to me hopefully getting in the testimony I wanted to get in from Mr. Daniels about him loaning the gun to Angela for protection from Mr. Leiker." Counsel did not consider it safe to call Ms. Gentry as a witness, to prove this or anything else, for reasons explained at the PCR hearing and not disputed by Burns in this appeal.

4

how the admission of Mr. Daniel's testimony would have affected the outcome of this case." Absent prejudice – "the reasonable probability of a different result but for counsel's deficient performance" – our PCR inquiry ends. *See **Turner v. State***, 384 S.W.3d 722, 724 (Mo.App. 2012). We deny Point II and affirm the judgment.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., C.J. - CONCURS