Philip M. Hess, Judge
Introduction
B.B. (Appellant) appeals from the judgment of Circuit Court of St. Louis County entering a full order of protection barring him from being within 500 feet of T.R.P. (Respondent). Respondent filed his petition for order of protection after receiving harassing and threatening text messages and phone calls from Appellant. Respondent was dating the mother of Appellant's child at the time. On appeal, Appellant argues: 1) the trial court erred when it admitted a text message without proper foundation; and 2) there was insufficient evidence to support the judgment because Respondent failed to prove he was subjectively alarmed by Appellant's conduct. For reasons explained herein, we reverse and remand.
Factual Background
In September 2017, Respondent filed a petition for an order of protection against Appellant. A hearing was held on Respondent's petition.[1] The only two witnesses who testified were Appellant and Respondent. The evidence, viewed in the light most favorable to the verdict,[2] is as follows.
Respondent received text messages and phone calls from Appellant in August and September 2017. In these text messages and phone calls, Appellant threatened Respondent and his business. When he received the messages, Respondent was dating the mother of Appellant's child. Respondent received four text messages he believed Appellant sent him. Three of the text messages came from a phone number with a 618 area code, which Appellant *401 admitted was his. Those texts stated:
Text Message 1: You old and gray mother-[expletive], you should be ashamed of yourself. Do you really think that [Respondent's girlfriend] can introduce you to her family and friends as her boyfriend.... [L]eave my baby mother alone and go and find someone in your class because embarrass [sic] going places with your old ugly ass....
Text Message 2: I have your medicine so I'm going to see how you not going to past [sic] on that herpes.
Text Message 3: If you want your business to survive, leave my woman alone [Respondent]. I'm warning you! And I hope you catch that herpes she got.
The fourth and final text message came from a phone number with a 314 area code, which Appellant denied was his. The fourth text message stated:
Text Message 4: I heard you still messing with that nasty ass bitch [Respondent's girlfriend]. I want her baby daddy and his friend them [sic] f[-]k you up.
Respondent testified he received phone calls from Appellant "all the time." Respondent described the substance of the phone calls as: "[Appellant] just tells me if I don't stop messing with his baby mamma he's going to 'F' me up. That's the same conversation every single time he call." Respondent also testified Appellant would contact him from different numbers. When questioned by the trial court on how he knew that Appellant was the person messaging and calling him, Respondent explained, "[I]t's like I stated, he's using different numbers to call all the time. He doesn't call from one number.... I mean, he's the one who is calling me and texting me from those multiple numbers.... It's him on the phone when he calls from those numbers saying the same thing, like I said." Respondent testified Appellant identified himself during some of the phone calls, and repeatedly told him to stay away from his "baby mama."
Respondent explained he filed the order of protection because, "[As] the text messages start coming in they-I'm looking at this and I'm like this is just ridiculous."
Appellant testified he originally called Respondent's telephone number after he noticed it appeared frequently on his phone bill.[3] He said he called the phone number because he was "just curious," and he eventually learned the phone number belonged to Respondent. He denied making threats or conversing with Respondent. However, he admitted he told Respondent in a text message, "If you want your business to survive, leave my woman alone."
The trial court found Appellant's testimony was not "particularly credible," and entered a full order of protection, barring him from threatening Respondent further and ordering him to stay at least 500 feet away from Respondent. This appeal follows.
Discussion
Appellant argues the trial court erred when it: 1) admitted the fourth text message because Respondent failed to lay a sufficient foundation, and 2) entered a full order of protection against Appellant because there was insufficient evidence to support the trial court's judgment. Respondent failed to file a brief.
Relevant Law
"Any person who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking or sexual assault, *402 may seek relief under [S]ections 455.010[4] to 455.085 by filing a verified petition alleging such domestic violence, stalking, or sexual assault by [the perpetrator]." Section 455.020.
We review an order of protection the same as any bench-tried case, and the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. C.D.R. v. Wideman , 520 S.W.3d 839, 843 (Mo. App. W.D. 2017). All facts and reasonable inferences are viewed in the light most favorable to the judgment. Schwalm v. Schwalm , 217 S.W.3d 335, 336 (Mo. App. E.D. 2007). "We defer to the trial court's credibility determinations, recognizing that the court is free to believe all, part, or none of the testimony presented." Hance v. Altom , 326 S.W.3d 133, 135 (Mo. App. S.D. 2010).
However, "[b]ecause there is real harm that can result in abusing the Adult Abuse Act and its provisions, including the stigma that may attach to a respondent who is ultimately labeled a 'stalker,' trial courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection." McGrath v. Bowen , 192 S.W.3d 515, 517 (Mo. App. E.D. 2006).
Point I: Text Message Foundation
Appellant does not contest the admission of the first three text messages from the 618 area code. However, he argues that the admission of the fourth text message, from the 314 area code, was erroneous. Appellant argues he timely objected to the admission of the text message on foundational grounds multiple times, and asserts that Respondent failed to lay the foundational requirements for the admission of text message in State v. Harris , 358 S.W.3d 172, 174 (Mo. App. E.D. 2011).
In Harris , this Court held that:
[T]he proponent of [text messages] must present some proof that the message[s] were actually authored by the person who allegedly sent them. This should not be an unduly burdensome requirement and can be satisfied by circumstantial evidence. Proof could be in the form of admission by the author that he actually sent them, or simply an admission by the author that the number from which the message was received is his number and that he has control of that phone. Such proof could even be established by the person receiving the message testifying that he regularly receives text messages from the author from this number, or something distinctive about the text message indicating the author wrote it, such as a personalized signature. Once the evidence is admitted, it is still the province of the jury to determine its weight.
State v. Harris , 358 S.W.3d 172, 175-76 (Mo. App. E.D. 2011) (emphasis added).
We disagree with Appellant that Respondent did not meet the requirements of Harris. As we explained in Harris, a proponent for the admission of text messages need only present "some proof" that the messages were written by the person who allegedly sent them. Id. at 175. This proof can be established by the person who received the text messages testifying he regularly receives text messages from the author from that number. Id.
Respondent testified that Appellant identified himself in his first phone call, and Respondent answered in the negative when asked if Appellant had ever tried to *403 conceal his identity. Respondent also testified that "[Appellant] doesn't call from one number.... I mean, he's the one who is calling me and texting me from those multiple numbers.... It's him on the phone when he calls from those numbers saying the same thing, like I said." Given the context of Respondent's testimony,[5] the trial court could infer that by "those numbers," Respondent was referring to the 314 area code number which sent the fourth text message. Accordingly, Respondent's testimony would provide some proof that Appellant sent the fourth text message. Id. It was for the finder of fact to determine what weight to give the evidence. Id. at 176.
We note the general rule in Missouri is errors in the admission of evidence in court-tried cases rarely constitute reversible error. In re Est. of English , 691 S.W.2d 485, 489 (Mo. App. W.D. 1985). In court-tried cases, "[w]e presume the trial court disregarded any improperly admitted evidence and based its decision upon the competent and relevant evidence in the case." Whispering Oaks Farms, LLC v. Lebanon Livestock Auction S & T, LLC , 466 S.W.3d 717, 721 (Mo. App. S.D. 2015). Where erroneous evidence is admitted, when other competent evidence supports the judgment, the result is harmless error. Id.
Appellant does not argue the trial court erred in allowing Respondent to testify he received multiple threatening phone calls from Appellant, and Appellant admits he sent the text messages from the 618 area code number. Assuming arguendo the trial erred in admitting the fourth text message, this would not, on its own, constitute reversible error because other competent evidence supported the judgment. Point I is denied.
Point II: Insufficient Evidence of Alarm
Appellant argues the trial court's judgment was not supported by substantial evidence because Respondent failed to prove Appellant's actions "alarmed" Respondent as required by the Adult Abuse Act.
"Stalking" is defined in the Adult Abuse Act as "when any person purposely engages in an unwanted course of conduct that causes alarm to another person ... when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(14). "Alarm" is defined as "to cause fear of danger of physical harm." Section 455.010(14)(a). Proof of alarm involves both a subjective and an objective component. Skovira v. Talley , 369 S.W.3d 780, 785 (Mo. App. S.D. 2012). Respondent therefore had to present substantial evidence that: 1) Appellant's conduct caused Respondent to subjectively fear physical harm; and 2) a reasonable person under the same circumstances would have feared physical harm. Id.
Appellant argues Respondent provided no evidence that Appellant's conduct caused Respondent to subjectively fear physical harm, and therefore he failed to prove he was alarmed as required under the Adult Abuse Act. We agree.
Respondent never testified he was afraid of Appellant or that he feared physical harm. Instead Respondent testified "[as] the text messages start coming in they-I'm looking at this and I'm like this is just ridiculous. So that's why I came here to file a-I mean, an order of protection against him." Such testimony is not sufficient to prove the subjective component of alarm under the Adult Abuse Act. See E.A.B. v. C.G.W., 415 S.W.3d 795, 800 (Mo. App. E.D. 2013) (holding petitioner's testimony *404 he was "kind of worried" by respondent's behavior, which included pointing a gun at petitioner, was insufficient to demonstrate subjective fear of physical harm); see also M.D.L. v. S.C.E., 391 S.W.3d 525, 530 (Mo. App. E.D. 2013) (insufficient evidence of stalking in the absence of any testimony that the conduct caused the alleged victim to fear physical harm, despite a "wide range of testimony listing ... untoward conduct.").
Accordingly, the judgment here was not supported by substantial evidence because Respondent did not provide evidence to support an essential element of his claim-that Appellant's conduct caused him to be subjectively afraid of physical harm. Point II is granted.
Conclusion
The judgment of the trial court is reversed. We remand the matter to the trial court for further proceedings consistent with this opinion.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

During the hearing, Respondent appeared pro se, and Appellant was represented by counsel. Respondent did not file a brief with this Court.

See Brizendine v. Conrad , 71 S.W.3d 587, 590 (Mo. banc 2002).

Respondent's girlfriend's phone was included on Appellant's phone bill.

All statutory references are to RSMo (2000) as amended.

The quoted testimony was elicited after the trial court and Appellant's counsel questioned how Respondent knew the text messages and phone calls were from Appellant.