

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| A.L.O., | ) | No. ED112141 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Julia P. Lasater |
| G.L.N., | ) | |
| | ) | |
| Appellant. | ) | Filed: September 10, 2024 |

### Introduction

G.L.N. ("Appellant") appeals the trial court's entry of a full order of protection against him pursuant to the Adult Abuse Act, *see* §§ 455.010 to 455.095[1] (the "Act"), whereby he was prohibited from stalking, harassing, threatening, or otherwise communicating with A.L.O. ("Respondent") for a period of one year. In his sole point on appeal, Appellant contends the trial court erred in entering a full order of protection against him because the evidence was insufficient to establish his actions constituted domestic violence or stalking, as required under the Act. This Court finds Respondent failed to establish a familial or household relationship with Appellant, which is required to find Appellant's conduct constituted domestic violence. Additionally, we find

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. (2023).

there was not substantial evidence to support Respondent feared physical harm from Appellant to prove Appellant stalked her.

Accordingly, we reverse and vacate the order of protection.

## Factual and Procedural Background

Respondent filed a petition for an order of protection against Appellant on August 25, 2023. The same day, the trial court entered a temporary *ex parte* order of protection. On September 11, 2023, the trial court held a hearing in which Respondent testified Appellant stole her gun, sent her threatening text messages, called her fifteen to twenty times a day, and threatened to post photos of her undressed on social media. Appellant did not appear at the hearing.

Following Respondent's testimony, the trial court checked boxes on the judgment form for the full order of protection indicating Respondent proved "allegations of domestic violence, stalking, and/or sexual assault" and "[Appellant] represents a credible threat to the safety of [Respondent]." The trial court entered a full order of protection against Appellant, effective until September 10, 2024, to replace and supersede the previously entered *ex parte* order.[2]

This appeal follows.[3]

## Standard of Review

As in any court-tried case, this Court will affirm the trial court's judgment granting an order of protection "unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *L.A.C. v. R.A.P.*, 671 S.W.3d 419, 422–23 (Mo. App. E.D. 2023) (quoting *McGrath v. Bowen*, 192 S.W.3d 515, 517 (Mo. App. E.D. 2006)). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Id.* at 423 (citation omitted). This Court views all facts and inferences in the light most

---

[2] Nothing in the record on appeal indicates the order of protection has been extended.
[3] Respondent did not file a response brief with this Court.

favorable to the trial court's ruling. *K.M.C. v. M.W.M.,* 518 S.W.3d 273, 276 (Mo. App. E.D. 2017). "Because the trial judge is in the best position to gauge the credibility of the witnesses, in cases under the Adult Abuse Act, the discretion of the trial court should not often be superseded." *Id.* at 276–77. Nonetheless, as "real harm … can result in abusing the Adult Abuse Act and its provisions, … trial courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection." *McGrath*, 192 S.W.3d at 517.

### Discussion

In his sole point on appeal, Appellant asserts the trial court erred in entering a full order of protection because the evidence presented by Respondent was insufficient to prove his actions constituted domestic violence or stalking. This Court finds the full order of protection was not supported by substantial evidence.

The Act provides any person may seek an order of protection by filing a verified petition alleging domestic violence, stalking, or sexual assault. § 455.020.1. Moreover, the petitioner bears the burden of establishing the allegations by a preponderance of the evidence. *L.M.M. v. J.L.G.*, 619 S.W.3d 593, 596 (Mo. App. E.D. 2021).

In reviewing an appeal, we are limited to the evidence in the record presented. In the present case, the record does not indicate the trial court considered any exhibits when granting the full order of protection. Additionally, the record filed with this Court only included the transcript. Although the trial court found sexual assault occurred by checking a box in the judgment form, Respondent made no allegations of sexual assault nor was any evidence of sexual assault adduced at the hearing.

3

We next consider Appellant's argument as to the trial court's determination regarding domestic violence. Section 455.010(5) defines domestic violence as "abuse or stalking committed by a family or household member[.]" Section 455.010(7) defines a "family or household member" as:

> [S]pouses, former spouses, any person related by blood or marriage, persons who are presently residing together or have resided together in the past, any person who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and anyone who has a child in common regardless of whether they have been married or have resided together at any time.

Here, the record is devoid of any evidence demonstrating Appellant's conduct constituted "domestic violence" under the Act because Respondent failed to prove Appellant was a "family or household member." In order to satisfy her burden under the Act, Respondent had to prove Appellant was a present or former family or household member who subjected her to domestic violence. *See L.M.D. v. D.W.D.*, 540 S.W.3d 472, 474 (Mo. App. W.D. 2018). The only indication of the parties' relationship comes from Respondent's petition whereby she checked a box stating the two "are/were in a continuing social relationship of a romantic/intimate nature." However, this Court does not look to Respondent's petition as substantive evidence. *See In re S.F.M.D.*, 447 S.W.3d 758, 767 (Mo. App. W.D. 2014) (explaining the petition for order of protection could be admitted as evidence of the fact it was filed, but not as evidence of the truth of the matters asserted within the petition). Respondent presented no evidence to prove her relationship with Appellant met the statutory definition of a "family or household member." *See A.S. v. Decker,* 318 S.W.3d 751, 754 (Mo. App. W.D. 2010). Therefore, due to the lack of evidence showing Appellant's and Respondent's relationship qualified under § 455.010(7), Respondent failed to satisfy her burden of establishing Appellant's actions constituted domestic violence.

We now turn to Appellant's argument there was insufficient evidence presented at the hearing to demonstrate his actions constituted stalking. Stalking occurs "when any person purposely engages in an unwanted course of conduct that causes alarm to another person[.]" § 455.010(15). Under the Act, "alarm" is defined as "to cause fear of danger of physical harm," and "course of conduct" is defined as "two or more acts that serve no legitimate purpose including, but not limited to, acts in which the stalker directly [or] indirectly, … follows, monitors, observes, surveils, threatens, or communicates to a person by any action, method, or device."[4] § 455.010(15) (a)–(b). "Alarm has both a subjective and objective component, meaning that a person must subjectively fear the danger of physical harm *and* a reasonable person in the situation would likewise fear the danger of physical harm." *L.M.M.,* 619 S.W.3d at 596 (emphasis in original). "Where the petitioner does not present sufficient evidence that they fear physical harm or that a reasonable person would fear physical harm, an order of protection is not appropriate." *Id.*

Here, Respondent failed to present any evidence of the subjective component of the stalking statute. At the hearing, Respondent testified Appellant sent her "threatening text messages" and told her "he knows people and [will] make sure [she's] not safe." Respondent further testified Appellant called her around fifteen to twenty times a day. However, Respondent did not produce the text messages or call logs at the hearing. More importantly, Respondent failed to specifically assert she was afraid of Appellant or that she feared physical harm from him as required by the Act. *See T.R.B. v. B.B.*, 553 S.W.3d 398, 403 (Mo. App. E.D. 2018) (finding insufficient evidence of stalking because respondent failed to prove the subjective component when he never testified about fearing physical harm from appellant); *E.A.B. v. C.G.W.*, 415 S.W.3d 795, 800 (Mo. App. E.D. 2013) (finding respondent failed to prove the subjective component of

---

[4] Because Respondent failed to prove Appellant caused her "alarm," this Court does not need to address Appellant's "course of conduct."

stalking by not establishing appellant's conduct, including pointing a gun at respondent, subjectively caused him to fear physical harm); *M.D.L. v. S.C.E.*, 391 S.W.3d 525, 530 (Mo. App. E.D. 2013) (finding insufficient evidence of the subjective component of stalking in the absence of testimony regarding fear of physical harm despite respondent's wide range of testimony regarding appellant's untoward conduct).

Respondent also failed to present substantial evidence of the objective component of the Act. Respondent did not testify to a history of physical encounters with Appellant or that Appellant made physical threats against her. *See K.L.M. v. B.A.G.,* 532 S.W.3d 706, 711 (Mo. App. E.D. 2017) (finding insufficient evidence of reasonable fear of physical harm to satisfy the objective component of the stalking statute when the record contained no evidence of physical encounters and letters sent to respondent contained no physical threats). Again, this Court notes the "threatening" messages Respondent received from Appellant were not produced at the hearing and we cannot speculate as to whether they included specific threats of physical harm.

Lastly, Respondent's testimony relating to Appellant's threat to post photos of her undressed on social media does not satisfy the objective component of the statute. While this Court is sympathetic to Respondent's concerns of intimate photos of her being leaked on social media, Appellant threatening to post the photos is insufficient to demonstrate stalking because the Act is "intended to prevent potential violence, not hurt feelings or harm to reputation," and this threat would not cause a reasonable person in Respondent's position to have feared physical harm. *See L.M.M.*, 619 S.W.3d at 597; *see also E.D.H. v. T.J.*, 559 S.W.3d 60, 65 (Mo. App. E.D. 2018) (disparaging social media posts are insufficient to prove stalking as it would not have caused a reasonable person fear of physical harm). Accordingly, this Court finds there was not substantial

evidence for the trial court to find Respondent feared or any reasonable person in Respondent's position would fear physical harm to support the order of protection based on stalking.

Therefore, because Respondent failed to put forth substantial evidence to prove domestic violence, stalking, and/or sexual assault, the trial court erred in granting the full order of protection.

Appellant's sole point is granted.

## Conclusion

The trial court's judgment granting a full order of protection is reversed and vacated.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
Robert M. Clayton III, J. concur.