C.B., Respondent,

v.

Claude BUCHHEIT, Appellant.

No. ED 90349.

Missouri Court of Appeals,
Eastern District,
Division One.

May 20, 2008.

Charles W. Gray, St. Charles, MO, for appellant.

C.B., Respondent, Acting pro se.

ROBERT G. DOWD, JR., Judge.

Claude Buchheit ("Buchheit") appeals the trial court's judgment entering a full order of protection brought pursuant to the Adult Abuse Act, Sections 455.005 through 455.090, RSMo 2004 and RSMo Cum.Supp.2006, by C.B. ("Victim"). Buchheit contends the judgment is not supported by substantial evidence. We agree and reverse.

Victim filed an Adult Abuse/Stalking Petition for Order of Protection against Buchheit alleging he had stalked her, and threatened her. Buchheit is Victim's father-in-law.[1]

The following evidence was presented at trial. Victim testified that Buchheit has a propensity for violence based on what she had heard in the community. Victim testified that on one occasion when Buchheit came to Victim's house to pick up his granddaughter, Victim told him that he could not take her daughter and that only Buchheit's son could pick her up. Victim testified that Buchheit was upset and got in her face aggressively and said, "You don't want to start this with me." Victim went into the house and Buchheit waited outside in his car until his son arrived. After Buchheit's son arrived to pick up his daughter, Victim testified Buchheit and his son yelled at Victim in front of her daughter. Victim further testified that on a separate occasion Buchheit had "raised his hand to [her]," but stated he had never hit her.

After the trial, the trial court entered a full order of protection against Buchheit effective until September 18, 2008. Buchheit now appeals.

In a court-tried case, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976); *McGrath v. Bowen*, 192 S.W.3d 515, 517 (Mo.App. E.D.2006). Because there is real harm that can result in abusing the Adult Abuse Act and its provisions, courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection. *McGrath*, 192 S.W.3d at 517.

In his first point, Buchheit contends the trial court erred in entering a

---

**1.** At the time of the proceedings, Victim and Buchheit's son, Mark Buchheit, were in the process of dissolving their marriage and de-termining the custody arrangements for their minor daughter.

full order of protection against him because there was insufficient evidence to support any allegation of stalking.

■ Any adult who has been the victim of stalking may request relief by filing a verified petition under the Adult Abuse Act. Section 455.020.1, RSMo 2000. The term "stalking" is defined as "when an adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(10), RSMo Cum.Supp.2006. "Course of conduct" is a. "pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose. Such conduct may include, but is not limited to, following the other person or unwanted communication or unwanted contact." Section 455.010(10)(a), RSMo Cum.Supp.2006. An activity with a legitimate purpose is one that is sanctioned by law or custom or is lawful or is allowed. *Overstreet v. Kixmiller*, 120 S.W.3d 257, 258 (Mo.App. E.D. 2003). "Repeated" means "two or more incidents evidencing a continuity of purpose." Section 455.010(10)(b), RSMo Cum. Supp.2006. "Alarm" is defined as causing "fear of danger of physical harm." Section 455.010(10)(c), RSMo Cum.Supp.2006. A petitioner must prove the allegation of stalking by a preponderance of the evidence in order to obtain a full order of protection. Section 455.040.1, RSMo Cum. Supp.2006.

Here, the conduct described at trial does not constitute stalking. The "repeated" trips to Victim's residence were for the legitimate purpose of Buchheit picking up his granddaughter. The repeated contact between Victim and Buchheit was to facilitate the visitation of the Buchheit's son with his daughter.

Although Victim testified that Buchheit's conduct caused her fear of danger of physical harm, such fear was unreasonable. There was no evidence to support Victim's claim of fear of physical harm. A plaintiff is required to do more than simply assert a bare answer of "yes" when asked if he or she was alarmed. *Schwalm v. Schwalm*, 217 S.W.3d 335, 337 (Mo.App. E.D.2007). A plaintiff must show that a defendant's conduct caused him or her fear of danger of physical harm as stated in the statutory definition. *Id.* Here, Victim provided no proof of such fear. Victim testified she did not call the police during the incident when Buchheit was waiting outside her home. Furthermore, Victim offered no evidence of any physical altercations or other events that would make it reasonable for Buchheit's conduct to cause her fear of danger of physical harm. Victim did state Buccheit had "raised his hand to [her]" but failed to provide any specifics of the incident. In fact, Victim testified Buchheit has never physically assaulted her. Victim testified Buchheit stated he was going to cause physical harm to Victim. However, Victim was unable to specify the threat of physical harm. Therefore, there was not substantial evidence to support the trial court's judgment granting a full order of protection based on stalking.

■ In his second point, Buchheit claims the trial court erred in entering a full order of protection against him because there was not sufficient evidence to support the allegation of harassment.

■ Abuse by "harassment" is defined as:

engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to another adult and serves no legitimate purpose. The course of conduct must be such as would cause a reasonable adult to suffer substantial

emotional distress and must actually cause substantial emotional distress to the petitioner.

Section 455.010(1)(d), RSMo Cum.Supp. 2006. Abuse by harassment requires a dual showing, that the conduct must be such as to cause a reasonable person to suffer substantial emotional distress, but also that it must actually cause such distress to the petitioner. *Wallace v. Van Pelt*, 969 S.W.2d 380, 384 (Mo.App. W.D. 1998). The phrase "substantial emotional distress" means "the offending conduct must produce a considerable or significant amount of emotional distress in a reasonable person; something markedly greater than the level of uneasiness, nervousness, unhappiness or the like which are commonly experienced in day to day living." *Id.* at 386. "Conduct that merely causes alarm or distress to the victim but would not cause substantial emotional distress to a reasonable person does not qualify as harassment." *Id., quoting State v. Schleiermacher*, 924 S.W.2d 269, 274 (Mo. banc 1996).

Here, Buchheit's conduct did not rise to the level of provoking a reasonable person to suffer substantial emotional distress. We cannot say the conduct described in the record could cause a reasonable adult to suffer substantial emotional distress. Moreover, while the relationship between Victim and Buchheit was clearly tense, Victim failed to present evidence that she actually suffered something markedly greater in order to be considered substantial emotional distress. Therefore, there was not substantial evidence to support the trial court's judgment granting a full order of protection based on abuse by harassment.

Accordingly, the trial court erred in entering a full order of protection against Buchheit. The judgment is reversed.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.