

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| M.N.M., | ) | No. ED103606 |
| | ) | |
| Petitioner/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| S.R.B., | ) | Hon. Mary Bruntrager Schroeder |
| | ) | |
| Respondent/Appellant. | ) | FILED: September 27, 2016 |

## OPINION

Appellant S.R.B. appeals the judgment of the circuit court granting an Order of Protection against her in favor of Respondent M.N.M. We reverse and vacate the judgment.

## Background

The parties were roommates for four weeks in 2015. Appellant moved out of Respondent's apartment and into a neighbor's unit. Three months later, Respondent sought an order of protection alleging that Appellant took something from Respondent's apartment and failed to return it, defaced her front door and mailbox, telephoned her friends, and made her uncomfortable by remaining in the complex.

At a hearing on the petition, Respondent testified that: she believed but couldn't prove that Appellant wrote the obscenities on her door and mailbox; Appellant contacted

two of Respondent's friends "to talk about me in a negative way;" Appellant "contacted me with a nasty test message;" and Appellant saw Respondent in the parking lot and called her a bitch. On cross-examination, Respondent conceded that she was not afraid of Appellant but didn't know what she was capable of and didn't want her around. Respondent testified as follows:

Q:    So, my only question to you is: you are not afraid of her?

A:    No, I'm not afraid of her.

Q:    So what harm do you believe she could do to you based on your petition?

A:    I believe she wrote on my house. She can come back and write on my house.

Q:    But you're not afraid of her harming you physically?

A:    She could. … I believe that people can harm you and people can do things maliciously.

At the close of the evidence, the trial court orally granted a full order of protection. However, in its standard form written judgment, the court did not check the box confirming an evidentiary finding that Respondent had proven allegations constituting abuse or stalking. Appellant appeals the court's order and asserts that the evidence in the record was insufficient to support findings of stalking or harassment.

**Standard of Review**

Our standard of review of an order of protection under the Adult Abuse Act is the same as in any other court-tried case; we will uphold the trial court's judgment as long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. Lawyer v. Fino, 459 S.W.3d 528, 530 (Mo. App. S.D. 2015). We view all facts and inferences in the light most favorable to the trial court's ruling. Id.

2

**Discussion**

In two related points, Appellant asserts that the evidence on the record is insufficient to support a finding of stalking or harassment. She is correct. Section 455.010 defines those terms as follows:

> "Stalking" is when any person purposely engages in an unwanted course of conduct that causes alarm to another person, or a person who resides together in the same household with the person seeking the order of protection when it is reasonable in that person's situation to have been alarmed by the conduct. As used in this subdivision:
>
> > (a) "Alarm" means to cause fear of danger of physical harm; and
> >
> > (b) "Course of conduct" means a pattern of conduct composed of two or more acts over a period of time, however short, that serves no legitimate purpose. Such conduct may include, but is not limited to, following the other person or unwanted communication or unwanted contact.
>
> "Harassment" [means] engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to an adult or child and serves no legitimate purpose. The course of conduct must be such as would cause a reasonable adult or child to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner or child. Such conduct might include, but is not limited to:
>
> > Following another about in a public place or places; [and]
> >
> > Peering in the window or lingering outside the residence of another; but does not include constitutionally protected activity.

Even viewing the record in the light most favorable to the trial court's judgment, the evidence is wholly insufficient to establish that Appellant stalked or harassed Respondent as defined in the statute. Respondent admitted that she was not afraid of Appellant, and nothing in her testimony indicated that she genuinely was alarmed or substantially emotionally distressed by Appellant's alleged conduct. The trial court made no findings of fact to support its order, nor can such findings be inferred from this record. Points I and II are granted.

"The Adult Abuse Act was not intended to be a solution for minor arguments

between adults." Lawyer, 459 S.W.3d at 530. "There is a great potential for abuse, and real harm can result from improper use of the Act." Id. Thus, "courts must exercise great vigilance to prevent abuse of the stalking provisions in the Adult Abuse Act and in making sure that sufficient credible evidence exists to support all elements of the statute before entering a protective order." Id.

## Conclusion

The trial court's judgment is not supported by substantial evidence and, therefore, is hereby reversed and vacated.

_____
Lisa Van Amburg, Judge


Robert G. Dowd, Jr. and
Angela T. Quigless, P.J., concur.

4