

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| RON JONES, | ) |
| | ) |
| Respondent, | ) WD82528 Consolidated with |
| | ) WD82529 |
| v. | ) |
| | ) OPINION FILED: |
| DALE STANDFUSS, | ) November 26, 2019 |
| Appellant, | ) |
| | ) |
| MARY LEE STANDFUSS, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Adair County, Missouri**
The Honorable Thomas P. Redington, Judge

Before Division Three:  Alok Ahuja, Presiding Judge, Gary D. Witt, Judge and Anthony
Rex Gabbert, Judge

Dale Standfuss and Mary Standfuss (collectively "the Standfusses")[1] each appeal

from a judgment of the Circuit Court of Adair County entering full Orders of Protection in

favor of Ron Jones against the Standfusses.  The Standfusses each raise two allegations of

---

[1] Because Dale Standfuss and his wife Mary Standfuss share a last name, we refer to the Standfusses individually by their first names for purposes of clarity.  No familiarity or disrespect is intended.

error, and because the Standfusses raise similar points on appeal, we have consolidated their appeals. We reverse and vacate both orders of protection.

## Factual and Procedural Background

Dale and Mary live across the street from Jones in Kirksville, Missouri. At some point in 2018, Mary petitioned for an order of protection against Jones, and the parties appeared at a hearing in the circuit court in December 2018. At that hearing, the circuit court ordered the parties "to leave each other alone."[2] On January 15, 2019, Jones petitioned for an order of protection against both of the Standfusses individually. On January 24, 2019, the circuit court held a joint hearing, and evidence introduced at the hearing is discussed in more detail below. At the January hearing, the circuit court entered full orders of protection against the Standfusses in favor of Jones. The Standfusses separately filed timely notices of appeal, and on our own motion we consolidated the appeals.

## Analysis

The Standfusses raise two points on appeal. First, they allege the trial court erred in entering full orders of protection because the evidence was insufficient to prove that the Standfusses engaged in an unwanted course of conduct that served no legitimate purpose. Second, they allege the circuit court erred because Jones failed to prove by a preponderance of the evidence that the Standfusses's actions caused alarm to Jones.

---

[2] It is unclear from the record if this was just a statement from the trial court, if it was contained in a judgment, or if any final order was entered against either party. If any judgment was entered in that matter it is not before us and is not contained in our record on appeal.

## Standard of Review

We review an order of protection under the Adult Abuse Act ("Act")[3] "the same as in any other court-tried case; we will uphold the trial court's judgment as long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *M.N.M v. S.R.B*, 499 S.W.3d 383, 384 (Mo. App. E.D. 2016). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Wallace v. Van Pelt*, 969 S.W.2d 380, 382 (Mo. App. W.D. 1998). The trial court is in the best position to determine credibility of witness and we defer to its findings. *Id.* at 383.

## Proof of Alarm

Because the second point raised on appeal is dispositive in this case, we need not address the first. The Standfusses allege that Jones failed to meet his burden of proof to sufficiently demonstrate that the Standfusses's actions caused Jones alarm as required by the Act. We agree.

Section 455.020.1 states that "[a]ny person who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking or sexual assault, may seek relief under sections 455.010 to 455.085 by filing a verified petition alleging such domestic violence, stalking, or sexual assault by the respondent." Jones and the Standfusses are not related and are not members of the same household; therefore, allegations of stalking were the bases of Jones's petitions. The Act

---

[3] Section 455.005, *et seq.* All statutory references are to the Revised Statutes of Missouri 2016 as supplemented through January 24, 2019, unless otherwise indicated.

is not "intended to be a solution for minor arguments between adults." *Binggeli v. Hammond*, 300 S.W.3d 621, 624 (Mo. App. W.D. 2010). "[T]rial courts must exercise great care to ensure that sufficient evidence exists to support all elements of the [Act] before entering a full order of protection" because there is real harm that can result in abusing the Act including the stigma of being labeled a "stalker." *McGrath v. Bowen*, 192 S.W.3d 515, 517 (Mo. App. E.D. 2006).

The General Assembly defines "stalking" as "when any person purposely engages in an unwanted course of conduct that causes *alarm* to another person . . . when it is *reasonable* in that person's situation to have been alarmed by the conduct." Section 455.010(14) (emphasis added). "'Alarm' means to cause fear of danger of physical harm." Section 455.010(14)(a). Thus, Jones bore the burden to produce sufficient evidence that he was in fear of danger of physical harm. "Alarm has a subjective and objective component." *E.D.H v. T.J.*, 559 S.W.3d 60, 64 (Mo. App. E.D. 2018). To establish the element of alarm, a petitioner must prove by a preponderance of the evidence that he or she subjectively fears danger of physical harm and a reasonable person in the same situation would fear danger of physical harm. *Id.*; *Binggeli*, 300 S.W.3d at 623-24.

### A. Jones's Fear of Alarm as to Dale

When addressing Dale's conduct, the majority of Jones's testimony was that he felt "intimidated" because Dale, a courthouse employee, followed Jones around the courthouse and "looked at [Jones]." He also alleged Dale waits by the courthouse exit to try to see what papers Jones filed with the court. However, Jones also testified, "I'm not scared of [Dale], no, sir." Jones's chief complaint was that "I just don't want him following me and

4

watching everything I do."  Jones did not produce evidence of any threats or physical contact by Dale, testified that Dale had never touched him, and testified that "[Dale] doesn't speak, he just stares."  In one sentence of testimony, Jones alleged that Dale had attempted to run Jones off the road without any detail as to when, where or how this occurred.[4]

In its Judgment, the court found that Jones had proven allegations of stalking against Dale.  Because we defer to the trial court on issues of credibility, we presume that Jones's statement he was intimidated was more credible than his statement that "he was not scared of Dale."  Based on that presumption, Jones met his burden to demonstrate that he subjectively feared Dale would cause physical harm.  However, the trial court found that merely staring at another individual is not intimidating; therefore, Jones failed to demonstrate that a reasonable person under the same circumstances would have feared physical harm.  Because Jones did not establish an objective fear of physical harm by a preponderance of the evidence, the circuit court erred in entering a full order of protection in favor of Jones and against Dale.

## B. Jones's Fear of Alarm as to Mary

Jones's chief complaint against Mary was that "she continuously goes to the police department and makes contact with them and wants me arrested."  The evidence demonstrates that from 2014 through 2018, Mary called the police to complain about Jones

---

[4] In each petition for an order of protection that he filed with the court he provides details regarding this allegation.  He alleged that at various times the Standfusses (Mary twice and Dale once), "tried to hit me with his car by not yielding to on coming [sic] cars.  He was in the 900 block of Kingsroad and his lane was block [sic] by parked cars so he cross [sic] into my lane making me come to a complete stop or be hit by Dale."  Jones's testimony, even when considered in light of the allegations in the Petition, was too vague and indefinite to support the Judgment.

5

three times; the nature of the complaints is not in the record. Jones alleged that Mary was "using the police department to harass me." Jones also attempted to establish that Mary had "anger issues" through the testimony of a neighbor and a former neighbor, but neither witness testified about any specific incidents between Mary and Jones. Further, in one sentence of testimony, Jones alleged that Mary had almost hit him twice with her vehicle. *See* Footnote 4. Jones also testified that he was not afraid of Mary.

Direct testimony of fear of physical harm is not required for a petitioner to obtain relief under the Act. In *C.L. v. Hartl*, 495 S.W.3d 241, 244 (Mo. App. W.D. 2016), this Court found that a petitioner's statement that she "felt safe" was not dispositive when a trial court granted a full order of protection. In that case, the petitioner, in discussing a single incident, stated she "felt safe" during that incident because she was inside her home with the door locked and had set the alarm on her home and had her dog next to her. *Id.* While she may not have felt unsafe at that time, the fact she set her alarm and brought her dog to the door with her suggested she was fearful of her ex-boyfriend who was on the other side of the door. *Id.* When a petitioner fails to produce direct testimony of his or her fear or, as in the instant case, provides testimony to the contrary, the petitioner may demonstrate his or her fear through conduct.

Most of the evidence against Mary was that of disgruntled current or former neighbors, which alleged that Mary: (1) refused to return whiffle balls that went over her fence, (2) destroyed a whiffle ball before throwing it back over the fence, (3) "yelled" at children if they entered her property, (4) used foul language to address neighbors, and (5) had beaten her own child. None of these acts were directed at Jones and do not support the

6

relief requested. These incidents are examples of "minor arguments between adults" for which the Act is not intended to provide a solution, especially when Jones did not even witness most of the events. *Binggeli*, 300 S.W.3d at 624. Furthermore, the trial court found that "what we're doing right now is rehashing all of the issues from [the December hearing]. Because all of you have told me that there haven't been any problems since I ordered all of you to leave each other alone. There haven't been any new problems. . . ."

Jones expressly testified that he was not afraid of Mary, and Jones did not produce evidence of actions taken by Mary that would reasonably cause him fear. Therefore, Jones did not meet his burden of proving by the preponderance of the evidence that he subjectively feared Mary would cause him physical harm. Even if Jones had met his burden of proving he subjectively feared Mary, he failed to establish that Mary's conduct would cause a reasonable person to be afraid. Therefore, the circuit court erred in entering a full order of protection in favor of Jones and against Mary.

## Conclusion

While we are sympathetic to the trial court's desire to have these parties stay away from each other so as to avoid confrontation, the judgments of the circuit court granting Jones's Orders of Protection against the Standfusses are reversed, and the Full Orders of Protection entered against the Standfusses are vacated.

_____
Gary D. Witt, Judge

All concur

7