In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

L.M.M., ) ED109013
 )
 Respondent, ) Appeal from the Circuit Court
 ) of the City of St. Louis
v. ) 1922-PN03162
 )
J.L.G., ) Honorable Madeline O. Connolly
 )
 Appellant. ) FILED: March 23, 2021

 Introduction

 J.L.G. appeals from the judgment of the trial court granting a full order of protection in

favor of L.M.M. against J.L.G. On appeal, J.L.G. argues the judgment was against the weight of

the evidence because L.M.M. failed to prove J.L.G.’s actions constituted stalking. We reverse

and vacate the order of protection.

 Facts and Procedural Background

 On December 18, 2019, L.M.M. filed a Petition for Order of Protection against J.L.G.

L.M.M. identified J.L.G. as L.M.M.’s boyfriend’s sister, and L.M.M. accused J.L.G. of coercing,

stalking, and harassing her. L.M.M. asserted J.L.G. texted L.M.M. as often as 75 times a day,

J.L.G. repeatedly texted and called L.M.M.’s employer making false accusations against

L.M.M., and J.L.G. made fun of L.M.M.’s appearance. L.M.M. stated she was “worried [J.L.G.]

will come to my employment, attacking me on social media.”
 At a contested hearing, L.M.M. testified to the following. In December 2019, J.L.G.

contacted L.M.M.’s employer, the Hilton St. Louis Frontenac, several times making various

accusations against L.M.M., the essence of which was that, by employing L.M.M., the Hilton

risked incurring a loss of business.1 As a result, L.M.M. was questioned three times at work, not

only about the substance of the accusations, but with concerns that a person associated with

L.M.M. was disrupting other employees at the Hilton. On cross-examination, L.M.M. agreed

that she and J.L.G. had on several occasions been involved in contentious text exchanges.2

L.M.M.’s boyfriend, friend, and father all testified on L.M.M.’s behalf that J.L.G. had a long

history of saying unkind things about L.M.M.’s appearance, which caused L.M.M. emotional

distress, and that L.M.M. was stressed and worried J.L.G. would contact L.M.M.’s employer in

an attempt to get her fired.

 J.L.G. testified to the following. J.L.G. lived in Joplin, Missouri, while L.M.M. lived in

St. Louis, Missouri, and J.L.G. had not seen L.M.M. since 2016. Since being served with the

petition she had not contacted L.M.M. at all and had no intention of contacting L.M.M. in the

future. J.L.G. characterized her relationship with L.M.M. as “very on and off,” in that

sometimes L.M.M. would reach out to J.L.G. and sometimes L.M.M. would tell J.L.G. not to

contact her. Regarding contacting the Hilton, J.L.G. agreed she called the Hilton one time on

December 16 or 17, 2019, on business unrelated to L.M.M.

1
 As this Court understands the events, J.L.G. accused L.M.M. of being unemployed and L.M.M. responded with a
picture of herself wearing a Hilton St. Louis Frontenac uniform to prove employment there and told J.L.G. to “fuck
off.” J.L.G. then emailed the photograph to the Hilton, where J.L.G. had previously stayed as a guest on several
occasions, both to report that L.M.M. was cursing and saying “cruel things” to guests while on company time and
while wearing a Hilton uniform, and to say that, as a result of L.M.M.’s actions, J.L.G. would no longer be coming
to the Hilton and that she would encourage her friend, a prominent wedding planner, to likewise refuse to do
business with the Hilton.
2
 It appears from the transcript that several of these text exchanges were admitted into evidence, but they were not
included in the record on appeal.

 2
 After the hearing, the trial court granted a one-year full order of protection against J.L.G.,

finding L.M.M. had proven her allegations of stalking, in that L.M.M. had alleged in her petition

she was worried J.L.G. would come to her place of employment, which satisfied the requirement

of actual fear of physical harm. The trial court then found it was in the parties’ best interests that

the order shall automatically renew after one year, making the full order of protection effective

until February 2022. This appeal follows.

 Discussion

 In her sole point on appeal, J.L.G. argues the trial court erred in entering the full order of

protection because J.L.G.’s actions did not satisfy the definition of stalking under Section

455.101 of the Missouri Adult Abuse Act,3 in that there was insufficient evidence to establish

that J.L.G. purposely and repeatedly engaged in an unwanted course of conduct that caused

L.M.M. fear of physical harm. We agree.

 In reviewing the trial court’s grant or denial of full orders of protection, this Court will

sustain the judgment of the trial court unless there is no evidence to support it, it is against the

weight of the evidence, or it erroneously declares or applies the law. K.M.C. v. M.W.M., 518

S.W.3d 273, 276 (Mo. App. E.D. 2017); C.B. v. Buchheit, 254 S.W.3d 210, 212 (Mo. App. E.D.

2008). We view the facts and reasonable inferences in the light most favorable to the judgment.

K.M.C., 518 S.W.3d at 276. “Because the trial judge is in the best position to gauge the

credibility of the witnesses, in cases under the Adult Abuse Act, the discretion of the trial court

should not often be superseded.” Id. at 276-77. Nevertheless, courts must exercise great care to

ensure that sufficient evidence exists to support all elements of the statute before entering a full

order of protection. C.B., 254 S.W.3d at 212.

3
 All statutory references are to RSMo. (cum. supp. 2019).

 3
 The Missouri Adult Abuse Act provides that any adult may seek an order of protection by

filing a verified petition alleging domestic violence, stalking, or sexual assault. Section

455.020.1. The petitioner has the burden of proof under the statute to establish the allegations by

a preponderance of the evidence. Section 455.040.1. The applicable portion of the statute here

is stalking. Stalking occurs when “any person purposely engages in an unwanted course of

action that causes alarm to another person.” Section 455.010(14). In this context, “alarm” is

defined as “to cause fear of danger of physical harm,” and “course of conduct” is defined as “a

pattern of conduct composed of two or more acts over a period of time, however short, that

serves no legitimate purpose” and may include following the other person, unwanted

communication, or unwanted contact. Section 455.010(14)(a)-(b). Alarm has both a subjective

and objective component, meaning that a person must subjectively fear the danger of physical

harm and a reasonable person in the situation would likewise fear the danger of physical harm.

E.D.H. v. T.J., 559 S.W.3d 60, 64 (Mo. App. E.D. 2018). Where the petitioner does not present

sufficient evidence that they fear physical harm or that a reasonable person would fear physical

harm, an order of protection is not appropriate. See id.; see also K.L.M. v. B.A.G., 532 S.W.3d

706, 710-11 (Mo. App. E.D. 2017).

 L.M.M. here failed to present sufficient evidence of either the subjective or objective

component. L.M.M. asserted in her petition and testimony that J.L.G. both repeatedly texted

L.M.M. with criticisms of her appearance and character and contacted L.M.M.’s employer in an

attempt to get her terminated, causing L.M.M. to worry J.L.G. would come to L.M.M.’s place of

employment and would attack her on social media. L.M.M. did not assert that J.L.G. had made

physical threats against her, that there was a history of physical encounters between them, or that

she feared physical harm from J.L.G. Rather, both L.M.M. and J.L.G. testified they lived 300

 4
miles apart and had not seen each other in several years. Although L.M.M. stated she was afraid

J.L.G. would come to her work, she did not specifically assert she feared physical harm

stemming from this event. See T.R.P. v. B.B., 553 S.W.3d 398, 403-04 (Mo. App. E.D. 2018)

(full order of protection inappropriate when petitioner never testified he feared physical harm

because fails to meet subjective component of alarm). Further, their history of angry text

exchanges without threats of physical violence is insufficient to prove L.M.M. had a reasonable

fear of physical harm from J.L.G. See K.L.M., 532 S.W.3d at 711 (without physical threats, there

was insufficient evidence to meet objective component of alarm); E.M.B. v. A.L., 462 S.W.3d

450, 453 (Mo. App. E.D. 2015) (sending numerous text messages that demonstrated anger but

did not include threats of physical harm would not cause reasonable person to fear danger of

physical harm); see also M.N.M. v. S.R.B., 499 S.W.3d 383, 384-85 (Mo. App. E.D. 2016)

(vague testimony, such as petitioner “didn’t know what [respondent] was capable of” was

insufficient to establish reasonable alarm under stalking statute).

 Instead of physical threats, L.M.M.’s petition and testimony focused on J.L.G.’s conduct

in calling L.M.M.’s work in an effort to get her terminated from her employment. However,

L.M.M.’s fear that J.L.G.’s actions might cause her to lose her job does not meet the legal

requirements for stalking, in that it does not establish a reasonable fear of physical harm. See

Binggeli v. Hammond, 300 S.W.3d 621, 625 (Mo. App. W.D. 2010) (petitioner’s fear that

respondent’s conduct might cause her to lose her job was not sufficient to justify order of

protection when that conduct did not cause petitioner to fear danger of physical harm).

Likewise, although J.L.G. sent text messages to L.M.M. criticizing her appearance and character,

and although L.M.M. feared J.L.G. would attack her on social media, texts and social media

posts attacking someone’s character or appearance are not grounds for receiving a full order of

 5
protection under the Adult Abuse Act. See E.D.H., 559 S.W.3d at 65 (disparaging social media

posts causing petitioner to fear harm to reputation are insufficient to prove stalking). Rather, the

Adult Abuse Act is intended to prevent potential violence, not hurt feelings or harm to

reputation. See id.; see also Wallace v. Van Pelt, 969 S.W.3d 380, 387 (Mo. App. W.D. 1998)

(outlining purpose of Adult Abuse Act).

 Even viewing the record in the light most favorable to the judgment, we do not find

sufficient evidence from which the trial court could find either that L.M.M. subjectively feared

physical harm, or that a reasonable person in L.M.M.’s situation would fear a danger of physical

harm from J.L.G.’s conduct. The trial court therefore erred in granting the full order of

protection based on stalking.

 While L.M.M. did not file a brief in this case, she submitted to this Court a letter

detailing her continuing stress and worry stemming from J.L.G.’s actions. Evidence of

emotional distress, however, is not an element of stalking. It is true that emotional distress is an

element of abuse by harassment,4 which L.M.M. raised before the trial court as a basis for the

full order of protection. The trial court pronounced at the hearing that L.M.M. had met the

elements of stalking but was silent on L.M.M.’s claim of harassment. In light of our reversal and

because L.M.M. is pro se, we will briefly address why L.M.M. was not entitled to a full order of

protection on her harassment claim, in the alternative to her stalking claim.

 Prior to 2004, harassment had been an element of the definition of stalking.5 See Section

455.010, Historical and Statutory Notes; see also P.D.J. v. S.S., 535 S.W.3d 821, 824 n.3 (Mo.

4
 Abuse by harassment is defined as “engaging in a purposeful or knowing course of conduct involving more than
one incident that alarms or causes distress … and serves no legitimate purpose. The course of conduct must be such
as would cause a reasonable adult … to suffer substantial emotional distress and must actually cause substantial
emotional distress.” Section 455.010(1)(d), RSMo.
5
 Section 455.010(10) previously read, as relevant to the issues here: “‘Stalking’ is when an adult purposely and
repeatedly harasses or follows with the intent of harassing another adult. As used in this subdivision, ‘harasses”

 6
App. E.D. 2017). Under the current statutory framework, however, abuse by harassment is now

separate from stalking, and this Court has previously held that, because harassment is included

only in the portion of the statute involving domestic violence, “[a]n order of protection based on

abuse by harassment is available only to victims of domestic violence.” P.D.J., 535 S.W.3d at

824.6

 Here, L.M.M. was not a victim of domestic violence, in that J.L.G. is the sister of

L.M.M.’s boyfriend, which is not a relationship that meets the definition for family or household

members. See Section 455.010(5) (“domestic violence” is defined as “abuse or stalking

committed by a family or household member” (emphasis added)); Section 455.010(7) (“family”

or “household member” is defined as “spouses, former spouses, any person related by blood or

marriage, persons who are presently residing together or have resided together in the past, any

person who is or has been in a continuing social relationship of a romantic or intimate nature

with the victim, and anyone who has a child in common”). Accordingly, L.M.M. could only

pursue a full order of protection on the grounds of either stalking or sexual assault, and not on

the grounds of abuse by harassment. See P.D.J., 535 S.W.3d at 824; see also L.M.D. v. D.W.D.,

540 S.W.3d 472, 475 (Mo. App. W.D. 2018) (where parties were not present or former adult

family or household members, only grounds available under Section 455.020 was stalking);

Fowler v. Minehart, 412 S.W.3d 917, 921 (Mo. App. S.D. 2013) (same). As discussed above,

there was insufficient evidence from which the trial court could find that the conduct complained

of here entitled L.M.M. to a full order of protection under the Missouri Adult Abuse Act.

 Point I is granted.

means to engage in a course of conduct directed at a specific adult that serves no legitimate purpose, that would
cause a reasonable adult to suffer substantial emotional distress.” Section 455.010(10 (2000).
6
 To the extent that this Court’s holding in P.D.J. v. S.S., 535 S.W.3d 821 (Mo. App. E.D. 2017), conflicts with this
Court’s earlier caselaw, it is better practice to follow the most recent published caselaw from our own Court.

 7
 Conclusion

 The trial court’s judgment granting a full order of protection is not supported by

substantial evidence, and it is therefore reversed and vacated.

 __________________________
 Robin Ransom, Presiding Judge
Sherri B. Sullivan, J., and
Lisa P. Page, J., concur.

 8