

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FIVE

| | | |
|---|---|---|
| C.Y.L., | ) | No. ED112481 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of Monroe County |
| vs. | ) | Cause No. 24MN-CV00003 |
| | ) | |
| Z.L., | ) | Honorable Thomas Redington |
| | ) | |
| Appellant. | ) | Filed: April 22, 2025 |

Before Thomas C. Clark II, P.J., Michael E. Gardner, J., John F. Newsham, Sp. J.

### Introduction

Appellant Z.L. (Appellant) appeals the Monroe County circuit court's judgment entering a one-year, full order of protection against him on behalf of Respondent C.Y.L. (Respondent). He raises one point on appeal, arguing that the trial court erred when it entered the full order of protection because Respondent did not present sufficient evidence showing that Appellant's actions constituted domestic violence under the Missouri Adult Abuse Act (the Act).[1] Respondent testified about two incidents involving Appellant that occurred within a narrow time period at her residence, one where Appellant appeared and she ordered him to leave and another

---

[1] Sections 455.010–455.095. All statutory references are to the Revised Statutes of Missouri (2016).

1

where Appellant returned to her residence, yelling and disparaging her during a verbal altercation.

We reverse the trial court's judgment and vacate the one-year, full order of protection, after finding (1) Respondent did not demonstrate that she suffered substantial emotional distress and failed to satisfy the subjective component of harassment's statutory definition pursuant to Section 455.010(1)(e) and (2) Respondent did not satisfy the objective component of Section 455.010(1)(e) either because Appellant's actions would not have caused a reasonable person to suffer from substantial emotional distress. *C.B. v. Buchheit*, 254 S.W.3d 210, 212 (Mo. App. E.D. 2008).

**Factual and Procedural Background**

On January 4, 2024, Respondent filed a Petition for Order of Protection-Adult claiming Appellant harassed her. On February 7, the trial court conducted an evidentiary hearing which both parties attended *pro se*. The following evidence was presented at the hearing:

Appellant is Respondent's father-in-law. On January 3, 2024, Respondent's husband (Husband) entered into a physical altercation with his brother, Respondent's brother-in-law (Brother-in-Law), at the residence belonging to Husband and Respondent. Appellant was not present during this initial encounter. At some point during their encounter, Brother-in-Law called Appellant for assistance. Later, Appellant arrived at the residence and engaged in an altercation with Husband. Respondent witnessed this exchange and demanded Appellant leave the property which he did. Later, Husband left the house and traveled to the police station to report the altercation. Meanwhile, Appellant and Brother-in-Law returned to Respondent's residence and attempted to take one of her vehicles but Respondent successfully secured the car keys and

2

prevented them from doing so. In response, Appellant yelled and cursed at her, calling her a "white trash bitch," "piece of shit mother" and "piece of shit wife."

Subsequently, Respondent traveled to the police station where she and Husband explained the altercation to law enforcement. She stated that Appellant and Brother-in-Law did not physically harm her but they were physical with Husband. Her interaction with Appellant was limited to her initial demand that he leave the property during his altercation with Husband and the subsequent encounter when he returned to the residence and disparaged Respondent. During the hearing, Respondent did not testify that she feared any physical harm or that Appellant's actions caused her substantial emotional distress. Monroe City police officer P.J. (Officer P.J.) testified that he arrived at Respondent's residence following the initial altercation between Husband and Brother-in-Law and he attempted to keep them separated. He observed Appellant arrive at the residence and enter into an altercation with Husband who eventually pushed Appellant out of the house.

Appellant testified that Brother-in-Law called him from Respondent's residence because Respondent and Husband threatened to kill him. Appellant decided to travel to the house to better understand the situation and saw Officer P.J. outside the residence when he arrived. After Appellant entered the residence and engaged in the altercation with Husband, Respondent started arguing with him and ordered him to leave. In response, he explained that he came to the house because Brother-in-Law contacted him for help. Appellant further testified that animosity exists between Respondent and him. As background, she used to live with Appellant and his wife while she worked at his restaurant and until he fired her. Finally, Appellant testified that he does not wish to interact with Respondent because she disparages his restaurant. After the hearing, the

3

trial court entered a one-year, full order of protection in favor of Respondent and against Appellant. Now, Appellant appeals.

## Standard of Review

We will affirm a trial court's judgment granting a full order of protection unless substantial evidence does not support it, it is against the weight of the evidence or it erroneously declares the law. *J.R.C. v. S. L.F.*, 686 S.W.3d 673, 677 (Mo. App. E.D. 2024) (citing *L.M.M. v. J.L.G.*, 619 S.W.3d 593, 596 (Mo. App. E.D. 2021)). Substantial evidence means "competent evidence from which the trier of fact could reasonably decide the case." *Id.* at 677–78 (quoting *H.R. v. Foley*, 356 S.W.3d 210, 213 (Mo. App. E.D. 2011)). We review "the evidence and permissible inferences drawn from the evidence in the light most favorable to the judgment." *Bateman v. Platte Cty.*, 363 S.W.3d 39, 43 (Mo. banc 2012).

Trial courts "must ensure that sufficient credible evidence exists to support all elements of the statute before entering a full order of protection" due to the potential stigma an individual may face by being labeled a "stalker" under the Act. *J.R.C.*, 686 S.W.3d at 678 (citing *L.M.M.*, 619 S.W.3d at 596). To be entitled to relief under the Act, "a petitioner must prove allegations in a petition for an order of protection by a preponderance of the evidence." *L.A.C. v. R.A.P.*, 671 S.W.3d 419, 423 (Mo. App. E.D. 2023).

## Discussion

In his sole point on appeal, Appellant asserts that the trial court erred when it granted the full order of protection because Respondent did not submit substantial evidence showing that his actions constitute domestic violence, stalking or sexual assault under the Act. We agree, reverse the trial court's judgment and vacate the order of protection.

When filing a petition seeking an order of protection, a party may allege domestic violence, stalking or sexual assault. Section 455.020. In her petition, Respondent alleged that Appellant "harassed" her so her claim falls within the "domestic violence" category.[2] Section 455.010 defines "domestic violence" as "abuse or stalking committed by a family or household member." Section 455.010(5). A "family or household member" includes "any person related by blood or marriage," such as a father-in-law in this instance. Section 455.010(7).

Several actions constitute "abuse" under the Act, including "harassment," which Respondent asserted in her petition. Section 455.010(1)(e). "Harassment" means "engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to an adult or child and serves no legitimate purpose." Harassment contains both a subjective and an objective component. Section 455.010(1)(e) ("The course of conduct must be such as would cause a reasonable adult or child to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner or child.").

First, Respondent did not satisfy the subjective component of harassment's statutory definition because she never said that she suffered substantial emotional distress and she did not present any evidence supporting that fact. Section 455.010(1)(e). Second, and equally fatal to her case, Respondent did not satisfy the objective component of harassment's statutory definition either because Appellant's actions would not have caused a reasonable person to suffer from substantial emotional distress. She testified that Appellant yelled and called her several disparaging names which does not alone create substantial emotional distress. His offensive language and yelling may have caused emotional hurt but his actions must rise above general

_____

[2] In her petition, Respondent claimed Appellant harassed her, so she alleged abuse by harassment which falls under "domestic violence" within the Act's meaning. More specifically, she did not allege stalking or sexual assault. *See* Sections 455.010(5) and 455.010(1)(e).

5

negative feelings to constitute substantial emotional distress. *See Buchheit*, 254 S.W.3d at 212. ("[T]he offending conduct must produce a considerable or significant amount of emotional distress in a reasonable person; something markedly greater than the level of uneasiness, nervousness, unhappiness, or the like which are commonly experienced in day to day living.").

Appellant's actions share similarities with those of the appellant in *Buchheit*. 254 S.W.3d 210 (Mo. App. E.D. 2008). In *Buchheit*, the appellant called the respondent explicit names, made several negative internet posts about her, threatened to take away her daughter, threatened to file a lawsuit and refused to leave her property until police responded. *Id.* at 212. The Eastern District held that the respondent presented insufficient evidence to receive a full protection order because the appellant's actions "did not rise to the level of provoking a reasonable person to suffer substantial emotional distress." *Id.* at 213. Like the *Buchheit* appellant, Appellant called Respondent explicit names. However, the *Buchheit* appellant went further by threatening to take away the respondent's daughter, disseminating disparaging comments on social media, forewarning legal action and refusing to leave the respondent's property. If this collective conduct would not cause a reasonable person to suffer from substantial emotional distress according to the *Buchheit* court, then neither can Appellant merely yelling and using disparaging language meet this legal standard. *Id.* at 213. Respondent claims that Appellant threatened her in the petition but she did not support this claim at any point during her testimony. She admitted that her contact with Appellant was limited to a verbal altercation. The interaction between them constitutes an intense but otherwise normal argument between two adults. The Act "was not intended to be a solution for minor arguments between adults." *Binggeli v. Hammond*, 300 S.W.3d 621, 624 (Mo. App. W.D. 2010).

**Conclusion**

6

The trial court erred when it entered the full order of protection against Appellant because Respondent did not present sufficient evidence showing that he engaged in domestic violence within the meaning of the Act. First, Respondent did not testify that she suffered from substantial emotional distress, failing to satisfy the subjective component of harassment's statutory definition, pursuant to Section 455.010(1)(e). Second, Respondent did not satisfy the statutory definition's objective component either because Appellant's actions would not have caused a reasonable person to suffer from substantial emotional distress. *Buchheit*, 254 S.W.3d at 212. We reverse the court's judgment and vacate the one-year, full order of protection.

_____
Thomas C. Clark II, P.J.

Michael E. Gardner, J., and
John F. Newsham, Sp. J., concur.